State v. Fanning
*[Cite as 8 AOA 396]*

*Case No. 57804*
*Cuyahoga County, (8th)*
*Decided December 13, 1990*

*John T. Corrigan, Cuyahoga County Prosecuting Attorney and Timothy Dobeck, Assistant Prosecuting Attorney, The Justice Center, 1200 Ontario Street, Cleveland, Ohio 44113, for Plaintiff-Appellee.*

*Jane Varga, 3794 Pearl Road, Cleveland, Ohio 44109, for Defendant-Appellant.*

## JOHN F. CORRIGAN, J.

The defendant appeals from his jury trial convictions for drug abuse (see R.C. 2925.11) and possession of criminal tools (See R.C. 2923.24). Each conviction carried a violence specification based upon the defendant's prior conviction for voluntary manslaughter. The defendant, in his sole assignment of error, argues that the trial court erred in denying his motion to suppress evidence seized at the time of his arrest. We agree, so we reverse the defendant's conviction and remand the cause for further proceedings.

The evidence adduced at the suppression hearing establishes that at approximately 8:00 p.m. on January 2, 1989, two police officers from their police cruiser observed the defendant and another man standing outside a bar. The officers had been detailed to the high drug activity area in response to complaints of drug activity reported by a city councilwoman.

For an indeterminate period of time, the officers observed the two men who stood facing each other with their hands in their coat pockets. The defendant stood with his back toward the police vehicle. The officers observed no movement of hands between the two men or other suspicious activity. As described by one of the officers who testified at the hearing, the defendant and his companion were "just standing with their hands in their coat pockets." As explained by that witness, the two officers decided to stop and question the men because: "They were loitering in a high-crime area."

As the two officers in their cruiser approached the men, the defendant's companion, who stood facing the police, said something to the defendant. Apparently in response to this remark, the defendant turned and looked toward the police as they approached in their vehicle. He then began to walk briskly away from the scene.

The two police officers quickly exited their vehicle with their weapons drawn. They ordered the two men to stop and take their hands from their pockets. The defendant momentarily hesitated to remove his hands but withdrew them after one officer ordered him to do so a second time. That officer, suspecting that the defendant was armed, conducted a pat down search of the defendant's person. During this search, the officer discovered in the defendant's right pocket two glass crack cocaine pipes, a metal pipe, and a vial containing an unidentified liquid. The glass pipes contained suspected cocaine residue.

The officers then arrested the defendant and radioed a request to check the defendant for any outstanding warrants. The police dispatcher informed them that the police did have a warrant for the defendant's arrest. An inventory of the defendant's personal belongings at the local police station revealed the presence of a packet of crack cocaine in the defendant's wallet.

"The propriety of an investigative stop must be viewed in light of the totality of the surrounding circumstances." *State v. Bobo* (1988), 37 Ohio St. 3d 177, paragraph one of the syllabus. In order for an investigative stop to be considered valid, the state must establish the existence of specific and articulable facts which would reasonably lead a police officer to believe that the defendant was involved in criminal activity. *Id.,* at 178.

Here, the arresting police officers had no such reasonable basis. At the moment that the police decided to approach and stop him, the defendant had exhibited nothing but innocuous behavior. The mere fact that the defendant walked briskly away as the police approached, absent the observation of any other suspicious behavior, would not justify an investigative stop. The fact that the defendant refused to immediately remove his hands from his coat pockets, while perhaps justifying a protective search following an otherwise lawful stop, does not constitute a circumstance justifying the initial intrusion by police.

Since the defendant made no suspicious overt movements prior to the investigative stop, the stop was unlawful. See *State v. Parr* (May 3, 1990), Cuyahoga App. No. 58162,

unreported. Evidence derived from an illegal investigative stop is inadmissible. *State v. Carter* (1985), 28 Ohio App. 3d 61, 62. Accordingly, the trial court erred in overruling the defendant's motion to suppress. We reverse the trial court's judgment and remand the cause for further proceedings consistent with this opinion.

PATTON, C.J., and SWEENEY, J., concur.