**The STATE of Ohio, Appellant,**

v.

**GOODLOW et al., Appellees.**

[Cite as *State v. Goodlow* (1992), 84 Ohio App.3d 529.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 63597 through 63599.

Decided Dec. 23, 1992.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Jeffrey Snell,* Assistant Prosecuting Attorney, for appellant.

*Hyman Friedman,* Cuyahoga County Public Defender, and *John A. Fatica,* Assistant Public Defender, for appellee Rose Goodlow.

*Daniel Davies,* for appellee Marion Goodlow.

*Paul Mancino, Jr.,* for appellee Vanessa Cunningham.

---

*Per Curiam.*

Plaintiff-appellant state of Ohio appeals, on the accelerated docket, the granting by the trial court of defendants-appellees Rose Goodlow, Marion Goodlow and

Vanessa Cunningham's motion to suppress.[1] For the reasons adduced below, we affirm.

A review of the hearing on the motion to suppress indicates that the only witness to testify at the hearing was Cleveland Police Patrolman Michael Tankersley, who testified on behalf of the state as follows: (1) on the date of the hearing, April 15, 1992, he had been with the force for two years; (2) the date of the arrests was November 12, 1991; (3) he was in the area of East 114th Street and Regalia Avenue helping a mother search for a missing juvenile; (4) the missing juvenile was a fourteen-year-old black female who was very tall; (5) as he left the mother's home, the mother pointed out a parked 1980 Buick four-door automobile about three houses down the street containing three black females; (6) the officer and his partner approached the parked vehicle, which was blocking a driveway, in their zone car; (7) the officers ordered the occupants of the vehicle to show their hands after seeing fumbling movements by a rear seat passenger; (8) the officers ordered the three females out of the car when the rear seat passenger wouldn't show her hands, to make sure she wasn't fumbling around with weapons; (9) at the time the area was probably the worst drug area in the fourth district; (10) he has made dozens of arrests at the address where the car was parked; (11) about two months prior to this arrest, he and his partner were shot at while in the vicinity of the house where the defendants were parked; (12) he was on the driver's side of the car when the backseat passenger stepped out, and he noticed on the floor a suspected straight shooter partially concealed in a napkin; (13) a straight shooter is a glass tube through which one inhales cocaine into one's nostrils; (14) Maria Goodlow was the backseat passenger; (15) a second straight shooter was found under the front passenger seat, toward the rear of that seat; (16) Vanessa Cunningham was seated in the backseat; (17) Rose Goodlow was seated in the front passenger seat; (18) he could not identify the defendants at the hearing; (19) the mother's house was at 3883 East 114th Street and the vehicle was parked at 3403 East 114th Street; (20) the girl's mother had given the witness a picture of the girl to look at prior to the search; (21) it was daylight with good visibility; (22) none of the defendants resembled the missing youth; (23) people do reach beneath seats for noncriminal purposes; (24) it is possible that the girl in the backseat did not hear the officers' orders, because the windows were rolled up; (25) the distance between the mother's house and the parked car, when gauged on a map of the area, was seven hundred twenty feet—based on forty-foot-wide lot widths on that street—is much greater

---

1. Rose L. Goodlow is the subject of appellate case No. 63597; Marion Goodlow is the subject of appellate case No. 63598; Vanessa Cunningham is the subject of appellate case No. 63599. The three individuals were codefendants in trial court case No. 274567, all charged with violating a drug law (R.C. 2925.11).

than a few houses' separation; (26) an affidavit shown the witness avers that the house at 3403 East 114th Street was never boarded up; (27) when the officers approached the car, prior to asking them to exit the car or raise their hands, they saw that the three girls did not fit the description of the juvenile; (28) the only reason they investigated further was the fumbling of the one passenger; (29) he was not going to issue a parking ticket for the car; (30) none of the occupants committed a criminal act in his presence; (31) on redirect, he testified that the mother's house was located at 3388 East 114th; (32) once he stopped his zone car, the suspects were not free to leave.

This appeal presents two assignments of error which will be discussed jointly.

## I

"The trial court erred in granting appellee-defendants' separate motions to suppress as the appellee-defendants' failed to establish standing as passengers of an automobile.

## II

"Assuming, arguendo, the appellee-defendants' have standing, the police officer's brief investigation and subsequent removal of passengers from a parked automobile was proper."

The court in *State v. Carter* (1985), 28 Ohio App.3d 61, 62, 28 OBR 101, 102, 501 N.E.2d 1219, 1220, stated the following, which we find pertinent to the facts before us:

"At first blush, the decision of the United States Supreme Court in *Rakas v. Illinois* (1978), 439 U.S. 128, [99 S.Ct. 421, 58 L.Ed.2d 387], seems to dispose of appellant's claim. Like the petitioners in *Rakas,* appellant had no possessory interest in Adams' vehicle; his status was nothing more than that of a passenger. In *Rakas,* the Supreme Court held that mere presence does not entitle one to challenge the search of a vehicle. That passengers are in a car with the permission of the owner is not determinative of whether they have a legitimate expectation of privacy.

"The petitioners in *Rakas,* however, did not challenge the initial stop of the vehicle in which they rode, or their removal from it. Two concurring justices and four dissenters found this to be significant. Thus, the decision in *Rakas* presumably does not mean that a mere passenger automatically lacks standing to challenge the search of a vehicle, even if the search has come about by exploitation of an infringement of his personal Fourth Amendment rights. See *Lewis v. State* (Tex.Crim.App.1984), 664 S.W.2d 345; *People v. Kunath* (1981), 99 Ill.App.3d 201 [54 Ill.Dec. 621], 425 N.E.2d 486.

"At fn. 1 of our recent decision in *State v. McClendon* (Jan. 14, 1985), Fayette App. No. CA84–06–006, unreported, [1985 WL 8146], this court stated:

" 'In *Rakas, supra,* the Supreme Court of the United States did not hold that those persons who are "merely passengers" in a motor vehicle will never have standing to object to an unreasonable search or seizure. The petitioners in *Rakas* did not challenge the constitutionality of the police action in stopping the automobile in which they were riding. This would indicate that a "mere passenger" does have standing to object to police conduct which intrudes upon his Fourth Amendment protection against unreasonable seizure of his person. "[Where the] stop is unconstitutional, evidence found as a fruit of the unconstitutional stop may be excluded from evidence." *United States v. Williams* (5th Cir.1979), 589 F.2d 210, 214, rehearing denied [*sic*] 600 F.2d 18, [affirmed] on rehearing 617 F.2d 1063; LaFave & Israel, *Criminal Procedure* (1984), 725–727, Section 9.1(d)."

"Lack of standing thus does not preempt appellant's suppression argument on this appeal.' "

 In the present case, the defendants argued that the initial seizure of their persons was unreasonable and unconstitutional and they therefore had the requisite standing. We, as did the trial court, agree. The seizure occurred when, according to the officer, he stopped his zone car in response to witnessing one of the backseat passengers make "fumbling" movements. At that point, having determined that the missing juvenile was not among the defendants, he had no articulable suspicion of criminal activity on the part of the defendants which would warrant the initial intrusion by the police. Furtive movements, which were the basis for the intrusion, without more, do not create probable cause to stop and search a vehicle. *State v. Jackson* (1989), 52 Ohio App.3d 39, 556 N.E.2d 223. The seizure being unlawful, the evidence gathered must be excluded. *U.S. v. Williams, supra.*

Accordingly, both assignments are overruled.

*Judgment affirmed.*

NAHRA, P.J., JAMES D. SWEENEY and BLACKMON, JJ., concur.