[Cite as *State v. Williams*, 2014-Ohio-1728.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   100311

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## BENJAMIN L. WILLIAMS

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-574933

**BEFORE:**  E.A. Gallagher, J., S. Gallagher, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**   April 24, 2014

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Karrie D. Howard
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender
BY:   Cullen Sweeney
        Linda Hricko
Assistant Public Defenders
310 Lakeside Avenue
Suite 400
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

**{¶1}** The state of Ohio appeals the decision of the trial court granting Benjamin Williams' motion to suppress. The state argues the trial court erred in concluding that the officers did not have a reasonable articulable suspicion to conduct an investigative stop or a protective pat-down of Williams. Finding no merit to the instant appeal, we affirm the decision of the trial court.

**{¶2}** On May 13, 2013, the Cleveland Police Department received an anonymous phone call reporting drug activity being conducted between a white four-door Chrysler and a black Alero at East 144th Street and Edgewood Avenue. Cleveland police officer Gobel and his partner investigated the call but did not see anyone at the reported site. The officers continued to tour the area and found a white Dodge Charger parked on East 147th Street, just south of Edgewood Avenue. Officer Gobel testified that he began to investigate the vehicle because there were three males standing outside the vehicle and it was close to the area where the original call reported criminal activity. Officer Gobel acknowledged that the reported vehicle and the one observed on East 147th Street were different.

**{¶3}** The officers activated their overhead lights, exited their vehicle and approached the three males, during which time, one of the males, later identified as Benjamin Williams, walked away. Officer Gobel testified that Williams' "eyes started shifting around," and he walked away quickly. Officer Gobel requested that Williams return to the vehicle and Williams complied. At that time, Officer Gobel testified that

he smelled marijuana on Williams' person, which led him to conduct a pat-down search of Williams. During the pat-down, Officer Gobel felt a bulge in the front of Williams' waistband. Officer Gobel retrieved the bulge and discovered many individually wrapped baggies of suspected marijuana. Officer Gobel arrested Williams for violating state drug laws.

{¶4} Williams moved to suppress the evidence collected during the officers' pat-down search, arguing that the search was illegal. The trial court conducted a hearing and, at the conclusion of the evidence, granted Williams' motion. The trial court concluded the officers did not have a reasonable suspicion to stop Williams based on the facts and circumstances of the case. In particular, the court concluded that although Officer Gobel testified that it was nighttime in a high drug area, that fact was insufficient in light of Officer Gobel's admission that it was a different car than what was reported and that Officer Gobel's assertion that Williams appeared nervous was unsupported by any further evidence.

{¶5} The state appeals, raising the following assignments of error:

The trial court erred in concluding that officers did not have reasonable articulable suspicion to conduct an investigative stop of defendant-appellee; and

The trial court erred by concluding that the officers did not have a reasonable suspicion to justify a protective pat down of defendant-appellee.

{¶6} In *State v. Preztak*, 181 Ohio App.3d 106, 2009-Ohio-621, 907 N.E.2d 1254 (8th Dist.), this court outlined the standard of review on a motion to suppress.

Our standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence. *See State v. Winland*, 116 Ohio App.3d 286, 688 N.E.2d 9 (7th Dist.1996), citing *City of Tallmadge v. McCoy*, 96 Ohio App.3d 604, 645 N.E.2d 802 (9th Dist.1994). This is the appropriate standard because "in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." *State v. Hopsfer*, 112 Ohio App.3d 521, 679 N.E.2d 321 (2nd Dist.1996).

{¶7} After accepting such factual findings, the reviewing court must independently determine as a matter of law whether the applicable legal standard has been satisfied. *State v. Jones*, 8th Dist. Cuyahoga No. 99837, 2014-Ohio-496.

{¶8} In its first assignment of error, the state argues the trial court erred in concluding that the officers did not have a reasonable articulable suspicion to conduct an investigative pat-down. Williams disagrees with the state's argument. For the reasons that follow, we find no merit to the assigned error.

{¶9} The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). An investigative stop, or "*Terry-* stop," is a common exception to the Fourth Amendment warrant requirement. *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.E.2d

889 (1968). As stated by this court in *State v. Paschal*, 169 Ohio App.3d 200, 2006-Ohio-5331, 862 N.E.2d 196 (8th Dist.):

> In the seminal case of *Terry v. Ohio*, the United States Supreme Court explained that the Fourth Amendment allows a police officer to stop and detain an individual if the officer possesses a reasonable suspicion, based upon specific and articulable facts, that criminal activity "may be afoot." *Terry v. Ohio*, 392 U.S. 1, 9, 20 L.Ed.2d 889, 88 S.Ct. 1868 (1968); *see also State v. Andrews*, 57 Ohio St.3d 86, 565 N.E.2d 1271 (1991). A valid investigative stop must be based upon more than an inchoate and unparticularized suspicion or hunch that criminal activity is afoot. *United States v. Arvizu*, 534 U.S. 266, 151 L.Ed.2d 740, 122 S.Ct. 744 (2002); *Terry* at 27.

> In deciding whether reasonable suspicion exists, courts must examine the "'totality of the circumstances' of each case to determine whether the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing." *Arvizu*, quoting, *United States v. Cortez*, 449 U.S. 411, 417-418, 66 L.Ed.2d 621, 101 S.Ct. 690 (1981); *State v. Bobo*, 37 Ohio St.3d 177, 524 N.E.2d 489 (1981), citing *State v. Freeman*, 64 Ohio St.2d 291, 414 N.E.2d 1044 (1980).

> Under this totality of the circumstances approach, police officers are permitted to "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that 'might well elude an untrained person.'" *Arvizu*, quoting, *Cortez* at 418. Thus, a court reviewing the officer's reasonable suspicion determination must give due weight to the officer's trained eye and experience and view the evidence through the eyes of those in law enforcement. *Id.* *See also Andrews*, at 87-88.

{¶10} The state argues that the officers had a reasonable suspicion to conduct a *Terry*-investigative stop on Williams because he was standing near a white four-door Dodge a few blocks away from where the location referenced in the anonymous call suggesting drug activity involving a white four-door Chrysler and a black Alero.

{¶11} Officer Gobel testified that drug dealers often drive around in a car, that 911 callers occasionally provide bad locations or descriptions and officers, therefore, need to use their own experience and observations when investigating 911 calls. (Tr. 35.) In the instant case, Officer Gobel testified that as soon as the officers observed the parked white four-door Dodge Charger, they stopped, activated their overhead lights and approached the males. They did so because the car "was in close proximity to the location of the dispatch. * * * There were three males standing around it. So we just decided to investigate." (Tr. 18.) The officers suggested that they were also influenced because it was at nighttime and they were in an area with a reputation for high drug activity.

{¶12} We decline to adopt the state's argument. Absent criminal, or at least suspicious, behavior on the part of the suspect, the mere presence of the suspect in a high crime area or an area being given "special attention" pursuant to a tip does nothing to create reasonable suspicion in a particular case. *State v. Porter*, 8th Dist. Cuyahoga No. 86577, 2006-Ohio-4584.

{¶13} In *Maumee v. Weisner,* 87 Ohio St.3d 295, 1999-Ohio-68, 720 N.E.2d 507, the Ohio Supreme Court categorized the sources of informant's tips and also their corresponding indicia of reliability. In particular, the court noted that the "anonymous informant is comparatively unreliable and his tip, therefore, will generally require independent police corroboration." *Id.* at 300. The parties do not dispute that the information received in the present case came from an anonymous tip. Further, the

police do not dispute that the vehicle they investigated was in a different area and was a different make and model from that described in the anonymous tip. Also, the police testimony reveals that the officers immediately stopped to investigate the vehicle without first observing any other activity that would give rise to a reasonable suspicion that criminal activity was afoot. Thus, the officers failed to independently corroborate the tip they received.

{¶14} The state claims that Williams was acting suspiciously because he nervously shifted his eyes and began to quickly walk away from the officers. The state argues that by walking away, Williams engaged in unprovoked flight. In support of its argument, the state cites *Illinois v. Wardlow*, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000), in which the United States Supreme Court held that "nervous, evasive behavior is a pertinent factor in determining reasonable suspicion." Thus, a suspect's unprovoked flight upon seeing the police can justify a seizure when it occurs in a high crime area. *State v. McGowan*, 8th Dist. Cuyahoga No. 96232, 2011-Ohio-5663.

{¶15} However, briskly walking away from approaching police does not justify an investigative stop absent the observation of any other suspicious behavior, even in a high drug area. *State v. Fanning*, 70 Ohio App.3d 648, 591 N.E.2d 869 (8th Dist.1990). Furthermore, walking quickly does not turn innocuous behavior into suspicious conduct that allows for an investigative stop. *Fanning*. When the officers turned on the overhead lights of the cruiser and decided to conduct an investigative search, Williams' behavior was innocuous because he was not doing anything illegal or improper.

Williams was standing next to a white Dodge, not a white Chrysler, and in a different location from where the police received a tip about possible drug activity. Lastly, Williams began to walk away from the officers after they decided to conduct an unlawful investigative search.

{¶16} The state also argued that the officers decided to conduct a search of Williams because he appeared to be nervous. However, any observation that Williams appeared nervous occurred after the officers decided to conduct an investigative stop, and therefore should not be considered in determining if the officers conducted a lawful *Terry*-stop.[1]

{¶17} The first assignment of error is overruled.

{¶18} Our analysis of the state's first assigned error renders the remainder of this appeal moot. We therefore decline to review the remaining assigned error.

{¶19} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

---

[1] Even if Officer Gobel's observation that Williams appeared nervous were to be considered, it would not impact the outcome of this case. Courts have routinely rejected generalized observations as insufficient to support a *Terry*-stop. We agree with the trial court that Officer Gobel only provided general observations that happened at night from an unspecified distance away from Williams. Therefore, Officer Gobel's observations were insufficient to justify a *Terry*-stop.

Rule 27 of the Rules of Appellate Procedure.


_____

EILEEN A. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR