THE STATE OF OHIO, APPELLANT, *v.* JACKSON, APPELLEE.

(No. 56689—Decided July 3, 1989.)

*John T. Corrigan,* prosecuting attorney, and *Leo Gorie,* for appellant.

*Allen & Hodgman* and *Blair Hodgman,* for appellee.

*Per Curiam.* The state timely appeals the granting of Leslie Jackson's motion to suppress a packet of cocaine seized from his automobile.

On December 11, 1987, at approximately 8:30 p.m., eight to ten armed Cleveland police officers in two SWAT cars and four or five police cruisers arrived at 541 E. 117 Street to execute a search warrant. As the officers ran towards the house, Officer Andrew Charchenko observed the defendant, who was sitting in a parked automobile, lean over. The officer approached the defendant, asked him to leave the vehicle and found cocaine under the front seat of the auto.

The officer testified the defendant was parked in a high crime area and that individuals involved in drugs often have weapons. Charchenko admitted, however, that he had not observed the defendant involved in any drug transaction. Charchenko also stated he had never seen an individual surrounded by armed police officers alight from a vehicle shooting at the officers. More importantly, the officer told the court he had no reason to stop the defendant before the defendant leaned over in the automobile. In *State* v. *Bobo* (1988), 37 Ohio St. 3d 177, 179, 524 N.E. 2d 489, 492, the Supreme Court noted that "[a] mere furtive gesture, standing alone, does not create probable cause to stop and search a vehicle without a warrant." We find the trial court reasonably could conclude that the officer relied on nothing more than the furtive movement to justify the search. Accordingly, the state's assignment is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

ANN MCMANAMON, C.J., and J. F. CORRIGAN, J., concur.

DYKE, J., dissents.

DYKE, J., dissenting. I respectfully dissent. I believe that appellant's assignment of error has merit for the reason that the facts of the case resemble those of *State* v. *Bobo* (1988), 37 Ohio St. 3d 171, 524 N.E. 2d 489. In the instant case the stop and search took place at nighttime in an area known for the prevalence of drug activity and weapons. The officers who executed the warrant, although armed, were away from their cars, with their backs to the appellee, and focused entirely on entering the house. Further, the officer who made the stop was an experienced narcotics detective. The officer testified that upon arrival at the scene he saw the appellee in a parked car near the house and as the SWAT unit passed the car and headed toward the house, he saw the appellee "lean over underneath the front seat of his car where he was sitting, the driver's seat, and like he was placing something underneath the seat."

My review of these facts leads me to conclude that the investigative stop was reasonable and the subsequent search proper. I would reverse the trial court's ruling on appellee's motion to suppress.