## State v. Akers
*[Cite as 7 AOA 358]*

*Case No. 14559*
*Summit County, (9th)*
*Decided September 26, 1990*

*Patrick Summers, Asst. Prosecutor, 161 S. High St., Akron, Ohio 44308, for Plaintiff.*

*William M. Whitaker, Attorney at Law, 80 S. Summit St., 300 Courtyard Square, Akron, Ohio 44308 for Defendant.*

CACIOPPO, J.

On the evening of October 20, 1989, defendant-appellee, Richard Akers, went to an apartment building at the corner of Copley Road and Noah Avenue in Akron. Akers was the manager of the building. As Akers was leaving the building in his pick-up truck, he noticed the building maintenance man near the corner of Copley and Noah. Akers stopped his vehicle in the middle of the street and proceeded to have a short conversation with the maintenance man.

As this discussion proceeded, an Akron police officer drove by the scene of the discussion and allegedly saw something pass between Akers and the maintenance man. The officer saw this in his rear-view mirror. Believing this to be a drug transaction, the officer radioed for help and proceeded to the scene. After additional officers arrived at the scene, the vehicle was

searched. Items found during this warrantless search resulted in Akers being charged with one count of Distribution of Drugs (R.C. 2925.03(A) (2) and two counts of Carrying a Concealed Weapon (R.C. 2923.12).

On March 8, 1990, Akers filed a motion to suppress the evidence obtained during the search. On April 12, 1990, the trial court granted Akers motion.

### Assignment of Error

"The trial court erred in granting appellee's motion to suppress all evidence seized by the arresting officer since the underlying facts observed by the officer created a reasonable suspicion of criminal activity which justified the ensuing search."

Pursuant to *Terry v. Ohio* (1968), 392 U.S. 1, a police officer involved in a stop such as the one at bar "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion." *Id.* at 21. In reviewing such police action, the totality of the circumstances must be considered. *State v. Freeman* (1980), 64 Ohio St. 2d 291, paragraph one of the syllabus. The police must have probable cause to believe that they will find the instrumentality of a crime or evidence pertaining to a crime before they begin a warrantless search. *State v. Kessler* (1978), 53 Ohio St. 2d 204, 208. In this context, probable cause has been defined as a belief, reasonably arising out of the circumstances known to the seizing officer, that an automobile contains that which by law is subject to seizure and destruction. *Carroll v. U.S.* (1925), 267 U.S. 132.

The following excerpt from the cross-examination of the officer who saw the alleged transaction sheds considerable light on whether he had formed a reasonable articulable suspicion. This testimony reads as follows:

"***

"Q. But after you passed the car, you made the determination to stop and search Mr. Akers; is that correct?

"A. At the point that I radioed in it had appeared to me that a transaction of some kind was taking place --

"(WHEREUPON the audio transmission was interrupted and resumed on subsequent tape as follows)

"Q. Let's stick with your observations. Your observations, if I'm not mistaken, were that you saw -- are we on?

"THE COURT. We're on.

"Q. -- That you saw one of the gentleman hand something to another gentleman.

"A. Correct.

"Q. You have no idea what it was.

"A. No, I do not.

"Q. You saw nothing that you can describe or articulate in any way.

"A. No.

"Q. Could have been a pad of paper, could have been anything?

"A. Possibly.

"Q. As a result of that observation you ordered Mr. Akers stopped and searched; is that not correct?

"A. I ordered him stopped.

"Q. You ordered him stopped because you bad probable cause to believe that a criminal activity was taking place? Or you thought you had probable cause to conduct a search?

"A. At the time before that, the gentleman was blocking traffic --

"Q. Let's just stick with my question. You had him stopped because you felt you had probable cause to believe a criminal activity was taking place?

"A. Yes.

"Q. Okay. The criminal activity that you thought you had probable cause to believe was taking place was what?

"A. That appeared to be a drug-related matter.

"Q. Because one man handed another man something?

"A. Yes."

"***."

From this portion of the transcript, it is apparent that the primary factor behind the officer's actions were the movements of Akers and the maintenance man, as the officer perceived them in his rear-view mirror. It is well established in Ohio that a mere furtive gesture, standing alone, does not create probable cause to stop and search a vehicle without a warrant. *State v. Bobo* (1988), 37 Ohio St. 3d 177, 179.

Another factor pointed to by the State is the reputation of the neighborhood in question. The reputation of an area for criminal activity is an articulable fact upon which a police officer may legitimately rely in determining whether an investigative stop is justified. *Id.* In the case at bar, however, assuming *arguendo* that the neighborhood is a high crime area, the circumstances as enunciated by the officer at the

suppression hearing, when viewed under the totality of circumstances, simply do not establish probable cause, regardless of the nature of the area. While this court sympathizes with the police and the position in which they are put in confronting the drug problem, a reasonable articulable suspicion cannot be found where an officer observes a transaction in his rear-view mirror while moving away from the incident and the officer is unable to sufficiently articulate the basis for his actions on the record.

In *State v. Jackson* (1989), 52 Ohio App. 3d 39, a police officer involved in executing a search warrant at a dwelling noticed the defendant, who was seated in an automobile in the street, lean over inside of the automobile. The officer approached the defendant, requested that he exit the vehicle, and found cocaine under the front seat. The officer testified that the area was a high crime area, that he had not seen the defendant involved in a drug transaction, and that he had no reason to stop the defendant before he leaned over in the automobile. The Eighth District Court of Appeals found that the furtive gesture was not sufficient to establish probable cause and upheld the trial court's suppression of the cocaine. *Id.* The factual and legal similarities between *Jackson* and the case at bar are unmistakable, and this court finds the reasoning of Eighth District convincing and applicable to the case at bar.

Accordingly, the assignment of error is overruled and the trial court's judgment is affirmed.

CIRIGLIANO, J., concurs.

BAIRD, P.J., concurs in judgment only.