The STATE of Ohio, Appellant,

v.

GREEN, Appellee.

[Cite as *State v. Green* (1991), 75 Ohio App.3d 284.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60683.

Decided July 29, 1991.

*Stephanie Tubbs Jones,* Prosecuting Attorney and *John R. Kosko,* for appellant.

*Stuart A. Saferin,* for appellee.

_____

*Per Curiam.*

The state of Ohio ("state") appeals the trial court's order granting defendant-appellee Larry Green's ("appellee") motion to suppress evidence. The events giving rise to the instant appeal are as follows:

On April 23, 1990, at approximately 8:30 p.m., Officer Steven Warshaw and his partner stopped a 1983 Fleetwood Cadillac driven by appellee, Larry Green, which contained one passenger, for driving left of the center line. The traffic stop occurred in an area characterized as a high crime area because of its high level of activity in stolen vehicles. After obtaining appellee's driver's license, the officers returned to their patrol car, where they proceeded to check the status of appellee's driver's license and the Cadillac's license plates, both of which turned out to be valid, and write out a traffic citation. While they were in their patrol car, the officers observed appellee bend over and appear to place something on the floor of the Cadillac. The officers immediately approached the Cadillac and, in order to remove appellee from the Cadillac, asked him for permission to search the trunk. Appellee exited the Cadillac and consented to the search. After having the passenger exit the Cadillac, the officers searched the trunk compartment.

Prior to allowing appellee and his passenger back into the Cadillac, Officer Warshaw observed a cassette tape case lying on the floor in front of the passenger's seat, the approximate area in which appellee had reached. Officer Warshaw took possession of the case and opened it, finding several cassette tapes and a handgun. Appellee was subsequently indicted for carrying a concealed weapon, a violation of R.C. 2923.12.

On October 24, 1990, the trial court granted a motion to suppress filed by appellee.

The state timely appeals and contends the trial court erred when it granted appellee's motion to suppress.

In the instant case, the officers extended a stop for the purpose of issuing a traffic citation into an investigative stop and subsequent protective search.

"The propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances." *State v. Bobo* (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus. In addition, "[w]here a police officer, during an investigative stop, has a reasonable suspicion that an individual is armed based on the totality of the circumstances, the officer may initiate a protective search for the safety of himself and others." *Id.* at paragraph two of the syllabus.

Although it appears that the area where the traffic stop occurred was a high crime area with respect to stolen vehicles, there is no indication that the officers should have suspected that appellee or his passenger were involved in criminal activity. Nor could appellee's movements be objectively characterized as the hiding of a weapon.

We find that, based on the totality of the circumstances, neither the investigative stop nor the protective search was proper. Accordingly, the state's assignment of error is not well taken.

*Judgment affirmed.*

SPELLACY and BLACKMON, JJ., concur.

KRUPANSKY, C.J., dissents.

KRUPANSKY, Chief Justice, dissenting.

I must respectfully dissent from the majority opinion. For reasons which I will explain, I believe the search of the interior of defendant's vehicle was valid. Therefore, I would reverse the ruling of the trial court granting defendant's motion to suppress.

This court has previously addressed this issue holding as follows:

"In the instant case, the warrantless search and seizure at issue were constitutionally permissible within the ambit of the Fourth Amendment prohibition against unreasonable searches and seizures. The police had authority to stop the appellant's car in order to issue a traffic citation after they observed him illegally backing through an intersection. The appellant, in his brief, even admits that he committed a minor traffic violation. Both officers testified that when they observed this violation, they were on patrol in a high crime area.

"After observing appellant violating a local traffic ordinance, the officers followed the appellant's car and stopped it after activating their siren and overhead lights. While the appellant's vehicle was stopping, the officers noticed the appellant bending down and moving around. Officer Barrett testified that these movements were suspicious and, for the officers' protection, Officer Richissin had the appellant exit the vehicle. In addition, Officer Barrett covered the rear of the automobile while Officer Richissin had the appellant exit the car.

"Officer Richissin's instructions to the appellant when he approached the car further indicate his caution. He had the appellant place his hands on the driver's wheel while he, Richissin, opened the car door. Once the appellant exited the car, Officer Richissin had the appellant place his hands on the rear quarter panel of the car. Officer Richissin backed away from the appellant to

a point parallel to the open car door. Meanwhile, Officer Barrett entered the car and reached beneath the front seat and felt the gun. Richissin looked into the vehicle and observed the butt of a gun protruding from under the front seat on the driver's side of the vehicle. From this testimony, the state met its burden of demonstrating that the gun was confiscated pursuant to a valid warrantless search. Cf. *Michigan v. Long* (1983), 463 U.S. 1032 [103 S.Ct. 3469, 77 L.Ed.2d 1201]; *Texas v. Brown* (1983), 460 U.S. 730 [103 S.Ct. 1535, 75 L.Ed.2d 502]; *State v. Smith* (1978), 56 Ohio St.2d 405, 10 O.O.3d 515, 384 N.E.2d 280; *State v. Romano* (Nov. 18, 1982), Cuyahoga App. No. 44820, unreported [1982 WL 2554]." *State v. Almalik* (1987), 41 Ohio App.3d 101, 103–104, 534 N.E.2d 898, 901–902.

In the case *sub judice,* defendant was observed driving his vehicle left of center. The police pulled him over for the purpose of issuing a citation. While verifying defendant's identity and the ownership of the automobile, the police officers observed defendant making furtive gestures. The police officers testified they were in fear defendant might have a weapon. Defendant and his companion were asked to exit the vehicle. The officers then searched the front seat area of the vehicle in which defendant had been reaching. A cassette tape box was discovered with the handgun inside.

The majority contends that an investigative stop was conducted. The record, however, discloses that this was a traffic stop followed by a protective search. Neither the majority nor defendant disputes the validity of the traffic stop. Defendant cites *State v. Jackson* (1989), 52 Ohio App.3d 39, 556 N.E.2d 223, for the proposition that mere furtive gestures do not support a search. Accord *State v. Bobo* (1988), 37 Ohio St.3d 177, 179, 524 N.E.2d 489, 491. However, the case *sub judice* is easily distinguishable from *Jackson.* In *Jackson,* there was no probable cause to stop the vehicle. In the case at bar, the stop was lawful pursuant to a traffic violation. We should not ask our police officers to further risk their lives. This court should not speculate as to the level of danger the officers were in. Once defendant had been lawfully stopped the police officers were entitled to take steps for their protection. Defendant was seen making gestures under the seat. The police officers testified they were in fear that defendant had a weapon. Therefore, the police were entitled to do a protective search of the front seat area of the automobile.

Accordingly, I would reverse the decision of the trial court granting defendant's motion to suppress and remand the case for trial.