DECISION
{¶ 1} Defendant-appellant Aaron Brumfield challenges the denial of his motion to suppress evidence found in his vehicle and on his person. We affirm.
 I. The Stop, Search, Arrest, and Proceedings {¶ 2} In the early evening hours of February 2003, police officer David Gregory was on patrol with his partner in a high-crime area of Over the Rhine in Cincinnati. They were patrolling in a Chevrolet Suburban, which allowed them to see down into other vehicles. As they passed a legally parked car, Gregory noticed that the man in the driver's seat, later determined to be Brumfield, had a bottle of beer between his legs. Gregory told his partner to stop, got out of the vehicle, and headed toward the parked car to investigate.
 {¶ 3} As Gregory was coming toward the car, he saw Brumfield making furtive movements beneath the level of Gregory's view. Because of these movements, Gregory became concerned that Brumfield might have a weapon. He testified that he had personally recovered three weapons from suspects in the same area and that this area of the city was known for high levels of drug activity and weapons. Based on his general concern, personal experience, and the reputation of the area, Gregory removed Brumfield from the car and performed a Terry-type search.[1]
 {¶ 4} During the search, Gregory felt a small bulge in Brumfield's pocket, which he believed to be marijuana. Brumfield acknowledged that the bulge was indeed marijuana. Also during the search, Gregory observed something in plain view on the driver's seat that he believed was some kind of felony drug. Gregory placed Brumfield in handcuffs and field-tested the substance from the car, which tested positive for the presence of cocaine. Brumfield was then arrested.
 {¶ 5} Brumfield was charged with one count of possession of cocaine, a violation of R.C. 2925.11(A). He filed a motion to suppress all evidence discovered as a result of the stop and the search. The trial court denied his motion, after which Brumfield pleaded no contest. The trial court accepted his plea, sentenced him to two years' community service, and suspended his driver's license for six months.
 {¶ 6} Brumfield now assigns two errors: (1) the trial court erred when it did not suppress the evidence found as a result of an improper detention and search of his vehicle, and (2) the trial court erred when it did not suppress the evidence obtained after a pat-down search that did not locate any weapons.
 {¶ 7} The credibility of the witnesses at a suppression hearing is an issue for the trier of fact.[2] Accepting the findings of fact as true, we must now determine whether the trial court erred in applying the substantive law to the facts of this case.[3]
 II. A Valid Terry Stop {¶ 8} Brumfield firsts argues that Gregory improperly removed him from the vehicle and searched the vehicle outside the scope of the circumstances.
 {¶ 9} In determining whether a stop and search is unreasonable, we must determine whether an officer's actions are justified at their inception and are reasonably related in scope to the circumstances that justified the interference in the first place.[4] The officer must be able to point to specific and articulable facts that reasonably warrant the intrusion and must reasonably conclude that the individual is engaged in criminal activity.[5] To make this assessment, the facts must be judged against an objective standard.[6] An area's reputation for criminal activity is an articulable fact that is part of the totality of the circumstances surrounding a stop.[7]
 {¶ 10} Brumfield argues that the circumstances of his case mirror those in State v. Jackson[8] and London v. Edley.[9] In both cases, the courts held that furtive movements alone were insufficient to create probable cause to stop and conduct a warrantless search of a vehicle.
 {¶ 11} But in both Jackson and Edley, the police initiated the contact with the defendants solely because of their furtive movements. In the present case, Gregory was investigating a possible open-container violation. Only after Gregory decided to investigate did he witness the furtive movements. Gregory had a reasonable suspicion of criminal activity before Brumfield made the movements. We believe that this distinction is important, and we cannot say that Gregory performed the search and seizure based solely on Brumfield's furtive movements.
 {¶ 12} Further, Gregory discovered the crack cocaine because it was in plain view once Brumfield exited from the car. Contrary to Brumfield's assertion, this was not an improper search of the vehicle.
 {¶ 13} We therefore hold that the initial stop was valid and that any evidence recovered as a result of the stop was not fruit of the poisonous tree. And we cannot say that the trial court erred in applying the substantive law to the facts of this case.
 {¶ 14} We therefore overrule Brumfield's first assignment of error.
 III. A Reasonable Pat-Down Search {¶ 15} Brumfield also argues that the pat-down search was outside the scope of a Terry stop and that the evidence of the marijuana and crack cocaine should have been suppressed. His argument is without merit.
 {¶ 16} A police officer may conduct a protective frisk where the officer involved is concerned for his safety.[10] The officer must have a reasonable suspicion that the person he is searching may be armed.[11]
Again, this is an objective standard.[12] A reasonable, objective belief that a suspect is armed can be based on the area in which the search occurs, the officer's experience, the suspect's furtive movements, and the officer's being out of his vehicle and away from protection.[13] But the fact that the suspect is in a high-crime area does not, by itself, warrant a protective search even after a validTerry stop.[14]
 {¶ 17} Brumfield was parked in a high-crime area. Gregory had been a police officer for two years. He had recovered three weapons from arrests in the same area. Brumfield made furtive movements when Gregory approached his car. And Gregory was out of his police vehicle, away from protection. We cannot say that his pat-down search of Brumfield was unjustified under the totality of the circumstances.
 {¶ 18} The Eighth Appellate District has ruled on a factually similar case. In State v. Cox,[15] the court held that an officer's pat-down search was reasonable where the officer had stopped Cox's vehicle for a traffic violation and witnessed Cox's furtive stuffing motions while the officer was approaching the car. As a result of these motions, the officer became concerned about the possible presence of a weapon and conducted the search. After Cox stepped out of the car, the officer noticed crack cocaine on the driver's seat. The court concluded that "the furtive movements of the suspect could suggest that he was armed, thereby justifying the limited protective search for weapons."[16]
 {¶ 19} We note that Brumfield was not charged with any crime involving the marijuana recovered as a result of this search, and we express no opinion on whether he could have been. The relevance of theTerry pat-down was that, when Brumfield was removed from the car, the crack cocaine was in plain view on the driver's seat. We see no error.
 {¶ 20} We therefore overrule Brumfield's second assignment. Accordingly, we affirm the trial court's judgment.
Judgment affirmed.
Hildebrandt, P.J., and Winkler, J., concur.
[1] Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868.
[2] State v. Warren (1998), 129 Ohio App.3d 598, 718 N.E.2d 936; Statev. Mills (1992), 62 Ohio St.3d 357, 582 N.E.2d 972.
[3] Id.
[4] Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868.
[5] Id.
[6] Id.
[7] State v. Bobo (1988), 37 Ohio St.3d 177, 524 N.E.2d 489.
[8] (1989), 52 Ohio App.3d 39, 556 N.E.2d 223.
[9] (1991), 75 Ohio App.3d 30, 598 N.E.2d 851.
[10] Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868.
[11] Id.
[12] Id.
[13] State v. Bobo (1988), 37 Ohio St.3d 177, 524 N.E.2d 489.
[14] State v. Warren (1998), 129 Ohio App.3d 598, 718 N.E.2d 936.
[15] (Apr. 10, 1997), 8th Dist. No. 70259.
[16] Id.