OPINION
{¶ 1} Appellant, James A. Foster, appeals the January 16, 2003 judgment entry, in which the Painesville Municipal Court found him guilty of driving under the influence and sentenced him.
 {¶ 2} On June 24, 2002, at 4:55 p.m., appellant was issued a traffic citation for speeding, in violation of R.C. 4511.21(C), and failure to wear a safety belt, in violation of R.C. 4513.263. Appellant was traveling at a speed of 71 m.p.h. in a 60 m.p.h. zone and during the stop was arrested for driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1). Appellant initially entered a plea of not guilty to the charges. On August 30, 2002, appellant filed a motion to suppress. A suppression hearing took place on September 9, 2002. By agreement of the prosecution and appellant's attorney, a videotape was introduced as evidence at the hearing. No other evidential submissions were undertaken. The videotape recording was from a dashboard camera in the Ohio State Highway patrolman's cruiser, which recorded the traffic stop, the field sobriety tests administered, and the arrest. It was submitted as the state's Exhibit Number 1.
 {¶ 3} The trial court denied the motion to suppress. On January 16, 2003, appellant entered a plea of no contest to the charge of driving under the influence of alcohol. The other two charges were dismissed at the request of the state. On that same date, the trial court found appellant guilty of the charge and sentenced him to sixty days in jail with fifty days suspended. He was also placed on six months probation, fined $650, and had his driver's license suspended for a period of six months. Appellant filed a motion to stay the execution of the sentence, which was granted. In appealing his conviction, appellant presents a single assignment of error for our review:
 {¶ 4} "The lower court, in denying [appellant's] motion to suppress evidence, was in error, as police officer insufficiently administered field sobriety tests in strict compliance with established, standardized procedures, police officer illegally searched and seized the body and vehicle of [appellant], police officer illegally elicited portable breathalyzer results from [appellant] and police officer did not have probable cause to arrest [appellant]."
 {¶ 5} Under his sole assignment of error, appellant alleges that the trial court erred when it denied his motion to suppress because the police officer insufficiently administered the field sobriety tests in strict compliance with standardized procedures, and he illegally searched and seized the body and vehicle of appellant. Appellant also argues that the officer unlawfully obtained breathalyzer results from a portable machine, and that the officer did not have probable cause to arrest him for driving under the influence of alcohol.
 {¶ 6} An appellate court's standard of review with respect to a motion to suppress is de novo. State v. Curry (1994),95 Ohio App.3d 93, 96. A reviewing court may not disturb a trial court's decision on a motion to suppress where it is supported by competent, credible evidence. State v. Retherford (1994),93 Ohio App.3d 586, 592. When considering a motion to suppress, the trial court serves as the trier of fact and is the primary judge of the credibility of witnesses and the weight of the evidence.State v. Mills (1992), 62 Ohio St.3d 357, 366, citing State v.Fanning (1982), 1 Ohio St.3d 19, 20. Relying on the trial court's findings, the appellate court determines, "without deference to the trial court, whether the court has applied the appropriate legal standard." State v. Anderson (1995),100 Ohio App.3d 688, 691. Furthermore, the burden in a suppression hearing is on the state. State v. Bevan (1992), 80 Ohio App.3d 126,129.
 {¶ 7} Here, appellant does not contest the propriety of the officer's initial stop of his car. Instead, what is unique about this case is that only the videotape from the officer's dashboard camera was used as evidence. The tape was admitted as an exhibit at the suppression hearing, but the officer who performed the stop did not testify at the suppression hearing.
 {¶ 8} It is impossible to ascertain whether the officer had probable cause to arrest appellant for driving under the influence based merely on the videotape. There was no evidence presented as to all the actual techniques used in the testing.State v. Bresson (1990), 51 Ohio St.3d 123, 128, requires that the record establish what the actual technique used in administering the test was. Thus, the videotape alone, without the officer's testimony, does not establish the proper foundation as to the actual techniques used by the officer in administering the tests. There was also no testimony that the officer had any indicia of intoxication such as an odor of alcohol on appellant's breath, glassy or bloodshot eyes, or motor control problems. Hence, the foundational requirement that the record contain evidence of the actual techniques used was not met nor was there any other testimony indicating the usual indicia of intoxication. We conclude after viewing the videotape that, that alone, without more, is insufficient to determine whether the field sobriety tests were administered in strict compliance with standardized procedures.
 {¶ 9} Furthermore, after examining the videotape, it is our position that the officer illegally searched appellant's vehicle. The officer searched the car twice before he arrested appellant. The first time he did not obtain appellant's consent, but he did receive permission the second time. Based on our resolution of the foregoing issues presented by appellant, the question as to whether the officer unlawfully obtained breathalyzer results from a portable machine need not be addressed.
 {¶ 10} We conclude that the trial court's decision was not supported by competent, credible evidence. In addition, the state failed to carry its burden. Based on the record before us, we are unable to discern whether the officer strictly complied with the field sobriety tests. The videotape is inconclusive as to whether appellant failed or passed the field sobriety tests. Therefore, based on the videotape alone, we cannot determine whether the officer had probable cause to arrest appellant for driving under the influence of alcohol in violation of R.C. 4511.19(A)(1).
 {¶ 11} For the reasons outlined above, appellant's lone assignment of error is well-taken. The judgment of the Painesville Municipal Court is reversed, and judgment is entered for appellant.
Christley and O'Neill, JJ., concur.