JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Freddie Lane ("defendant"), appeals following his convictions and sentence for assault of a peace officer, carrying a concealed weapon, and having a weapon while under disability. Defendant challenges the trial court's rulings that denied his motion to suppress evidence and motion in limine. He further challenges evidentiary rulings, the court's jury instructions, and maintains that his assault conviction is against the manifest weight of the evidence. For the reasons that follow, we affirm.
 {¶ 2} Defendant was charged with committing various offenses on August 26, 2006, involving police officer Kenneth Allen, including aggravated robbery, assault, carrying a concealed weapon, and having a weapon while under disability.
 {¶ 3} Prior to trial, defendant moved to suppress evidence and in limine to exclude certain evidence from trial.
 {¶ 4} In his motion in limine, defendant sought to prohibit the State from mentioning the events of August 22, 2006, where police observed defendant in suspected drug activity and from introducing any evidence of his prior convictions. Because defendant had waived a jury trial on counts three and four, the trial court granted the motion in part and excluded evidence of defendant's prior convictions at trial. The trial court otherwise denied that motion on the basis that evidence of the August 22nd incident may be admissible.
 {¶ 5} Police officer Kenneth Allen testified at the suppression hearing as follows: On August 26, 2006, he and officer Clayton were patrolling the area of *Page 4 
Marston Rd. and E. 127th Street. This is a high crime area, known for drug activity and an area where officer Allen has made hundreds of arrests.
 {¶ 6} The officers observed a red truck stopped in the street and saw defendant and two men approaching it. Officer Clayton recognized defendant as an individual who they had observed in suspected drug activity on August 22, 2006. On that day, defendant had fled from the officers as they were attempting to question him. When the officers attempted to question defendant again on August 26, 2006, defendant immediately ran away from them and they pursued him.
 {¶ 7} Officer Allen followed defendant over a fence at which point defendant attacked him. Officer Allen said that defendant tackled him into the fence and was attempting to take his gun. Defendant unsnapped the holster before Officer Allen was able to secure his left arm. As the two continued to struggle, Officer Clayton arrived. Officer Clayton confirmed that defendant was trying to take Allen's weapon and that Allen was in a fight for his life. Officer Clayton attempted to subdue defendant without success and observed defendant reaching for his right pocket. Officer Clayton was able to remove a loaded gun from defendant's pocket and threw it out of reach. Ultimately, Officer Allen shot defendant with a taser twice. Defendant was arrested and taken to the hospital for observation.
 {¶ 8} The trial court denied defendant's motion to suppress.
 {¶ 9} At trial, both Officers Allen and Clayton testified. They both explained that they were attempting to stop defendant on the 26th as they recognized him from *Page 5 
an incident that occurred four days earlier on August 22, 2006. Both officers confirmed that defendant was fighting with Officer Allen. Officer Allen testified that defendant tackled him and was trying to take his gun. Officer Clayton testified that he saw defendant reaching for something in his pocket. Officer Clayton found a loaded gun in that pocket and was able to throw it to a safe distance.
 {¶ 10} Det. Russell spoke with defendant, who admitted to having a gun and running from police. Police determined that the loaded gun taken from defendant was operable.
 {¶ 11} The trial court instructed the jury and defined the term "knowingly" during its charge. The court also instructed the jury on the elements of assault on a peace officer. During trial, both parties referred to Kenneth Allen as a police officer, as did the trial court in its jury instructions. In addition, Kenneth Allen testified to his experience and current employment as a police officer. There was no dispute that Allen was in a marked vehicle in uniform when he encountered defendant on August 26, 2006.
 {¶ 12} The jury acquitted defendant of the robbery charge but convicted him of assault. Thereafter, the trial court found defendant guilty of the remaining charges. The court imposed sentence and this appeal followed. We will address defendant's assignments of error in the order asserted and together where it is appropriate for discussion. *Page 6 
 {¶ 13} "I. The trial court committed prejudicial error by denying appellant's motion to suppress."
 {¶ 14} When considering a motion to suppress, the trial court assumes the role of trier-of-fact and is in the best position to resolve factual questions and evaluate the credibility of a witness. State v. Kobi
(1997), 122 Ohio App.3d 160. An appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Id. Accepting the facts as found by the trial court as true, the appellate court must then independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. Id.
 {¶ 15} Defendant's reliance on case law pertaining to the probable cause necessary to issue search warrants is misplaced. Here, the police need only establish reasonable suspicion that defendant is or was engaged in criminal activity to warrant an investigatory stop of him.
 {¶ 16} The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. Katz v. United States (1967),389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576. An investigative stop, orTerry stop, is a common exception to the Fourth Amendment warrant requirement. Terry v. Ohio (1968), 392 U.S. 1, 20 L.Ed.2d 889,88 S.Ct. 1868. A law enforcement officer may properly stop an individual under the Terry-stop exception if the officer possesses the requisite *Page 7 
reasonable suspicion based on specific and articulable facts.Delaware v. Prouse (1979), 440 U.S. 648, 653, 99 S.Ct. 1391,59 L.Ed.2d 660; State v. Gedeon (1992), 81 Ohio App.3d 617, 618, 611; State v.Heinrichs (1988), 46 Ohio App.3d 63.
 {¶ 17} Police may stop and question a person if there are reasonable grounds to believe that the person is wanted for past criminal conduct, is currently engaged in criminal conduct, or will in the future be involved in a crime. U.S. v. Cortez (1981), 449 U.S. 411, 417. Whether reasonable grounds for a stop exist, must be viewed in light of the totality of the circumstances. London v. Edley (1991),75 Ohio App.3d 30, 32.
 {¶ 18} In this case, police did not stop defendant on August 26, 2006 solely for being present in a high drug area and fleeing from them. Rather, Officer Allen testified that he had observed defendant engaging in various hand to hand transactions on August 22, 2006. When he attempted to question defendant about the suspected drug activity that day, defendant fled and was not seen again by Officer Allen until four days later on August 26, 2006. At that point, Officer Allen saw him approaching a stopped vehicle in the same high crime/drug area and defendant again fled when police tried to question him.
 {¶ 19} The trial court found Officer Allen's recitation of the facts credible and we accept them based on the record. Applying these facts to the law, the trial court properly denied the motion to suppress as there were reasonable grounds to stop defendant under the totality of the circumstances. *Page 8 
 {¶ 20} Assignment of Error I is overruled.
 {¶ 21} "II. The trial court committed prejudicial error by denying appellant's motion in limine and then admitting testimony, over objection, regarding an encounter between appellant and police officers four days prior to the commission of the offenses charged in the indictment."
 {¶ 22} Defendant challenges the trial court's denial of his motion in limine and the prosecutor's subsequent questioning of Officers Allen and Clayton about their encounter with defendant on August 22, 2006. Defendant argues that this evidence was not relevant to any of the issues in the case, since he was not charged with any drug offenses and the resultant prejudice outweighed any marginal relevance it may have had. Defendant maintains this is inadmissible "other acts" evidence under Evid.R. 404(B).
 {¶ 23} "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Evid.R. 401. All relevant evidence is admissible unless its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Evid.R. 403(A).
 {¶ 24} Evid.R. 404(B) states: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as *Page 9 
proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 25} The trial court specifically denied the motion in limine on the basis that the events of August 22, 2006 could be probative of identity. Both officers referenced the August 22, 2006 incident to explain some of their reasons for stopping defendant on August 26, 2006. Both indicated that they recognized defendant as someone they recognized from a prior date.
 {¶ 26} In addition, the trial court gave the jury a limiting instruction as requested by the defense.
 {¶ 27} In a criminal case where the defendant alleges that it was prejudicial error to allow the jury to hear certain testimony, the reviewing court must first determine if it was error to allow the jury to hear the testimony and, if so, whether such error was prejudicial or harmless. State v. Davis (1975), 44 Ohio App.2d 335. The admission or exclusion of evidence rests within the sound discretion of the trial court. State v. Jacks (1989), 63 Ohio App.3d 200, 207.
 {¶ 28} The trial court properly allowed the subject testimony for purposes of establishing defendant's identity. The trial court's limiting instruction sufficiently instructed the jury on the purpose of this testimony.
 {¶ 29} Assignment of Error II is overruled. *Page 10 
 {¶ 30} "III. The trial court committed prejudicial error by admitting, over objection, rank hearsay indicating that the home appellant identified as belonging to his aunt was the target of an investigation involving drug activity."
 {¶ 31} Defendant maintains that the trial court admitted hearsay in violation of Evid.R. 802. The testimony consisted of Officer Clayton's reference that his sergeant told him they were watching a house for drug activity. At some point, defendant had stated that his Aunt owned the house.
 {¶ 32} Hearsay is a "statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted."
 {¶ 33} The subject statement, while arguably irrelevant, was not hearsay. The State did not offer the stray remark of Officer Clayton for purposes of proving that police were watching a house for drug activity. This remark, at best, was an unsolicited comment by Officer Clayton to explain his presence in the area and defendant was not unfairly prejudiced by its admission.
 {¶ 34} Assignment of Error III is overruled.
 {¶ 35} "IV. The instruction on the offense of assault (peace officer) given by the trial court invaded the province of the jury and constituted plain error.
 {¶ 36} "V. The trial court committed plain error by failing to define `knowingly,' an essential element of the offense of assault (peace officer), or reference the *Page 11 
definition given earlier in connection with the court's instructions on another offense."
 {¶ 37} With respect to jury instructions, a trial court is required to provide the jury a plain, distinct, and unambiguous statement of the law applicable to the evidence presented by the parties to the trier of fact. Marshall v. Gibson (1985), 19 Ohio St.3d 10, 12.
 {¶ 38} Defendant believes the trial court erred because it did not reiterate the definition of "knowingly" it had previously given when it instructed the jury on the assault charge. Defendant asserts that the trial court erred by referring to Kenneth Allen as "Officer" and "badge 2449" when it was the jury's duty to determine whether he was in fact a peace officer.
 {¶ 39} Instructions to a jury "may not be judged in artificial isolation but must be viewed in the context of the overall charge."State v. Price (1979), 60 Ohio St.2d 136, paragraph four of the syllabus. Taken as a whole, we find that the trial court's instructions effectively advised the jury on the charged offenses.
 {¶ 40} Referring to Kenneth Allen as "Officer" and "badge 2449" was not error; there was no dispute that he was an officer and that his badge number was 2449. Since the trial court previously defined the term "knowingly" for the jury in its instructions, it was not necessary for the trial court to re-read the definition of that term repeatedly throughout the instructions.
 {¶ 41} Assignments of Error IV and V are overruled. *Page 12 
 {¶ 42} "VI. The verdict under Count II (assault/peace officer) of the indictment is against the manifest weight of the evidence."
 {¶ 43} When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins (1997),78 Ohio St.3d 380, 387.
 {¶ 44} Defendant argues that the weight of the evidence does not support his conviction for assault. He maintains that the evidence reflects an "accidental collision" between him and Officer Allen. Defendant maintains that Officer Allen's testimony is not credible.
 {¶ 45} Officer Allen testified that he chased defendant over a fence at which point defendant tackled him into the fence. Officer Clayton's testimony corroborates that defendant had his head in Allen's torso and that the two were struggling. Both officers believed that it was a life threatening situation. The struggle revealed that defendant was in possession of a loaded weapon. Police were not able to subdue defendant until after the taser had been used. The record supports the jury's conviction and we cannot say that they clearly lost their way in convicting defendant of assault based on the evidence. *Page 13 
 {¶ 46} Assignment of Error VI is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, J., and ANN DYKE, J., CONCUR. *Page 1