[Cite as *State v. Jones*, 2014-Ohio-496.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.   99837

---

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## TIMUR D. JONES

DEFENDANT-APPELLEE

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-568474

**BEFORE:**   E.A. Gallagher, J., Jones, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:**    February 13, 2014

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    James M. Price
James Hofelich
Assistant County Prosecutors
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH    44113

**ATTORNEY FOR APPELLEE**

Brett M. Mancino
75 Public Square
Suite 1016
Cleveland, OH    44113

EILEEN A. GALLAGHER, J.:

{¶1}   The state of Ohio appeals the decision of the trial court granting Timur Jones' motion to suppress.   The state argues the trial court erred by suppressing evidence recovered from Jones' vehicle.   Finding no merit to the instant appeal, we affirm the decision of the trial court.

{¶2}   Cuyahoga Metropolitan Housing Authority ("CMHA") police officers Kenneth Wohlheter and Michael Gantt were patrolling the streets near the Carver Park Estates when they observed a black Ford Explorer with a rear license plate that they claim could not be read.   Detective Wohlheter testified that the rear license plate was partially obstructed by a tinted license plate cover and a ball mounted to the draw bar of the trailer hitch on the vehicle.   Detective Wohlheter testified that he and Officer Gantt followed the vehicle for several blocks in an attempt to read the license plate.   When they were unsuccessful, the officers stopped the vehicle at East 30th Street and Quincy/Community College Avenue.

{¶3}   Detective Wohlheter testified that he exited his patrol car and approached the passenger side of Jones' vehicle while Officer Gantt spoke to Jones.   After determining that Jones was alone and did not pose an obvious threat, Wohlheter walked to the rear of the vehicle where he was able to read the entire license plate.   At the same time, Officer Gantt brought Jones to the rear of Jones' vehicle and handed to Detective Wohlheter Jones' state identification card.   Detective Wohlheter testified that Jones

admitted that he did not have a valid Ohio driver's license and the officers confirmed Jones' suspended license. Officers also ran the vehicle's license plate and learned that the vehicle was registered in the name of Jones' mother.

{¶4} Detective Wohlheter stated that it is the policy of the CMHA Police Department to tow a vehicle if the driver's license is suspended and the owner of the vehicle is not present. Accordingly, Detective Wohlheter testified that he and Officer Gantt inventoried the vehicle in preparation to be towed and recovered a bag containing what appeared to be crack cocaine in the passenger side map pocket. The officers placed Jones under arrest.

{¶5} The Cuyahoga County Grand Jury indicted Jones with drug trafficking, drug possession and possessing criminal tools. Jones filed a motion to suppress and the trial court conducted a hearing. During the hearing, Jones argued that his rear license plate was not obstructed and, therefore, the officers had no reason to stop him and ask for his driver's license. In support of his argument, Jones introduced a photograph of the rear license plate in which the entire rear license plate could be seen and testified that the vehicle was in the same condition as on the day of his arrest. Additionally, Alice Jones, the owner of the vehicle and Jones' mother, testified that she received a traffic-camera ticket at her home address, which defense counsel argued was proof that the license plate was not obstructed when the officers stopped appellant.

{¶6} The trial court granted Jones' motion. The state appeals, raising the following assignment of error:

The trial court erred by suppressing evidence of a felony offense recovered from Appellee's vehicle.

{¶7} In *State v. Preztak*, 181 Ohio App.3d 106, 2009-Ohio-621, 907 N.E.2d 1254 (8th Dist.), this court outlined the standard of review on a motion to suppress.

> Our standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence. *See State v. Winand*, 116 Ohio App.3d 286, 688 N.E.2d 9 (7th Dist.1996), citing *City of Tallmadge v. McCoy*, 96 Ohio App.3d 604, 645 N.E.2d 802 (9th Dist.1994). This is the appropriate standard because "in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." *State v. Hopfer*, 112 Ohio App.3d 521, 679 N.E.2d 321 (2d Dist.1996).

*Id.* at ¶ 22. *See also State v. Jones*, 8th Dist. Cuyahoga No. 99538, 2013-Ohio-4915.

{¶8} Once we accept those facts as true, however, we must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard. *Jones*, *State v. Lloyd*, 126 Ohio App.3d 95, 709 N.E.2d 913 (7th Dist.1998); *State v. Cruz*, 8th Dist. Cuyahoga No. 98264, 2013-Ohio-1889.

{¶9} Jones argues that the CMHA officers did not have reasonable suspicion to initiate a traffic stop and detain him when the sole basis for the stop was that his license plate was obstructed, but Detective Wohlheter testified that he could clearly read Jones' license plate once he exited his patrol car. For the reasons that follow, we agree.

{¶10} As stated by this court in *Lakewood v. Shelton*, 8th Dist. Cuyahoga No. 95746, 2011-Ohio-4408:

The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. *Katz v. United States* (1967), 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576. An investigative stop, or "Terry stop," is a common exception to the Fourth Amendment warrant requirement. *See Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. A law enforcement officer may properly stop an individual under the *Terry*-stop exception if the officer possesses the requisite reasonable suspicion based on specific and articulable facts that the person is, was, or is about to be engaged in criminal activity. *Delaware v. Prouse* (1979), 440 U.S. 648, 653, 99 S.Ct. 1391, 59 L.Ed.2d 660; *State v. Gedeon* (1992), 81 Ohio App.3d 617, 618, 611 N.E.2d 972; *State v. Heinrichs* (1988), 46 Ohio App.3d 63, 545 N.E.2d 1304; *United States v. Cortez* (1981), 449 U.S. 411, 417, 101 S.Ct. 690, 66 L.Ed.2d 621. Whether reasonable grounds for a stop exist must be viewed in light of the totality of the circumstances. *London v. Edley* (1991), 75 Ohio App.3d 30, 32, 598 N.E.2d 851. That being said, at a hearing on a motion to suppress, the state bears the burden of establishing the validity of a traffic stop. *See State v. Foster*, Lake App. No. 2003-L-039, 2004-Ohio-1438, ¶ 6. Likewise, once a warrantless search is established, it is the state's burden to show the validity of the search. *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 218, 524 N.E.2d 889.

"Reasonable suspicion" entails some minimal level of objective justification for making a stop; this is something more than an inchoate and unparticularized suspicion or "hunch," but something less than the level of suspicion required for probable cause. *Terry* at 21. The existence of reasonable suspicion is based upon an objective and particularized suspicion that criminal activity was afoot and must be based on a totality of the surrounding circumstances. *State v. Abdulrahman*, 8th Dist. Cuyahoga No. 95159, 2011-Ohio-1931, ¶ 31, citing *State v. Andrews* (1991), 57 Ohio St.3d 86, 565 N.E.2d 1271.

**{¶11}** In *Shelton*, a police officer stopped the defendant because he could not read his license plate because it was covered by snow. The officer admitted that he could read the plate once he walked up to the vehicle but that he initiated an investigation and when Shelton refused a breathalizer, he arrested Shelton for OVI. *Id.* The

defendant argued that the trial court abused its discretion when it denied his motion to suppress evidence. *Id.* This court determined that although the officer testified that he could not read the license plate when he pulled the defendant over, he was able to read the plate once he got out of his zone car and started to approach the vehicle. *Id*. This court found that once the officer could read the license plate, he no longer had any reason to detain the defendant for an OVI investigation and should have sent him on his way. *Id.*

{¶12} In ruling in favor of the defendant, this court relied upon the Ohio Supreme Court's decision of *State v. Chatton*, 11 Ohio St.3d 59, 463 N.E.2d 1237 (1984), which held

> "[w]here a police officer stops a motor vehicle which displays neither front nor rear license plates, but upon approaching the stopped vehicle observes a temporary tag which is visible through the rear windshield, the driver of the vehicle may not be detained further to determine the validity of his driver's license absent some specific and articulable facts that the detention was reasonable."

The *Chatton* court opined that

> because the police officer no longer maintained a reasonable suspicion that appellee's vehicle was not properly licensed or registered, to further detain appellee and demand that he produce his driver's license is akin to [a] random detention[.]

{¶13} The court concluded that "the police officer could not unite the search to this detention, and appellee should have been free to continue on his way without having

to produce his driver's license."

**{¶14}** Although the state attempts to distinguish the facts in the instant case from *Shelton* and *Chatton*, we find no such distinction and disagree with their arguments. In the present case, Detective Wohlheter testified that he stopped Jones' vehicle because he could not read the rear license plate. Detective Wohlheter further testified that as he approached Jones' vehicle he had an unobstructed view of the rear license plate and had no problem reading the plate. The officers provided no separate and articulable reason to continue Jones' detention and as such, this case is directly analogous to the facts and conclusions of *Shelton* and *Chatton*.

**{¶15}** Accordingly, we overrule the state's sole assignment of error and affirm the decision of the trial court.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., CONCURS;

MELODY J. STEWART, J., DISSENTS

MELODY J. STEWART, J., DISSENTING:

{¶16} The trial court and the decision of the majority misapply the law in this case. Resolution of whether the motion to suppress was properly granted does not require a determination of whether Jones was, or could be found guilty of, driving a vehicle with an obstructed license plate. Likewise, the fact that Jones's license plate could be read after he was stopped is not germane to the analysis. The question to be determined is whether the police had a reasonable, articulable belief that Jones was in violation of the traffic law thereby justifying the stop and subsequent detention.

{¶17} Cleveland Codified Ordinances 435.10 entitled "License Plates to Be Unobstructed" states in pertinent part that:

> No person shall operate a motor vehicle, upon which license plates are required by law to be displayed, unless the license plates,* * * [and the license plates] shall be * * * not covered, obscured or concealed by any part or accessory of such vehicle or by any foreign substance or material, to be readable in its entirety from left to right.

Detective Wohlheter testified that the rear license plate of Jones's vehicle was partially obstructed by a ball mounted on a trailer hitch on the rear of the vehicle and that there was a tinted cover over the plate. He further testified that he and his partner followed the vehicle for at least five blocks in an effort to read the license plate and made two

unsuccessful attempts to run the plate before stopping the vehicle. If believed, this testimony demonstrates that the police had a reasonable and articulable suspension that the driver of the vehicle was in violation of the traffic ordinance. There is nothing in the record to suggest that trial court disbelieved the detective's testimony.

{¶18} The fact that the detective could read the license plate in its entirety after stopping the vehicle, exiting the police car, standing behind the vehicle, and viewing the plate from an angle does not change the fact that the stop was legally permissible. Likewise, the submitted pictures of the license plate and the trial court's consideration of the automated camera citation issued to the vehicle's owner are not relevant to determining whether the stop was justified. This case is indeed distinguishable from *Chatton* and *Shelton*. *Chatton*, dealt with whether a vehicle was properly registered because a temporary license tag was not visible (not whether the lack of visibility was a violation). In *Shelton,* the defendant's license plate was hidden by snow. Additionally, the snow had fallen away from the plate before the officer initiated contact with the defendant. Both of these cases dealt with temporary conditions and neither one triggers the analysis of whether a license (temporary or otherwise) is "not covered, obscured or concealed by any part or accessory of such vehicle or by any foreign substance or material" (unless snow can be considered a foreign substance — in northeast Ohio, no less).

{¶19} Analogous to this case are the decisions in *State v. Smail*, 5th Dist. Ashland No. 99COA1339, 2000 Ohio App. LEXIS 4599 (Sept. 27, 2000), and *State v. Burnett*,

1st Dist. Hamilton Nos. C-110565, C-110566, C-110567, 2012-Ohio-1631.   In *Smail*, the defendant was pulled over by police for driving with an obstructed license plate. However, prior to stopping the vehicle, one of the officers was able to correctly guess the two middle numbers and run the plate. *Id.* at * 5. Upon further investigation, police cited the defendant for operating a motor vehicle while under the influence.   The defendant filed a motion to suppress claiming the officers were not justified in stopping him because they had no reasonable suspicion of criminal activity.   The motion was denied by the trial court.   On appeal, the defendant argued that the officers were prohibited from detaining him after they had determined the license plate's entire registration.   He furthered argued that the two numbers were in "plain view" because they were discernible from the side of the vehicle.   *Id.* at * 6.   The court rejected these arguments and found that the stop was proper.   The court determined that since the middle two numbers of the plate were obstructed from the perspective of the police vehicle, the license plate could not be in plain view, and the stop and detention of the defendant was justified.   *Id.* at * 7.

{¶20} The defendant in *Burnett* was stopped by the police for changing lanes without signaling.   She was subsequently charged with carrying a concealed weapon, falsification, and improper change of course.   Burnett moved the trial court to suppress evidence seized from the stop arguing that the stop was not supported by reasonable and articulable suspicion.   The trial court granted the motion by determining that Burnett had not committed the traffic infraction. The First District reversed finding that whether

Burnett could be found to have violated the ordinance was not a determining factor in deciding whether the stop was reasonable. *Id.* at * 8. The court stated that "[n]either reasonable suspicion nor probable cause required the officers 'to correctly predict that a conviction will result.'" *Id.*, citing *Bowling Green v. Godwin*, 110 Ohio St.3d 58, 2006-Ohio-3563, 850 N.E.2d 698, _ 15.

{¶21} The evidence presented demonstrates that the police officers had a reasonable, articulable suspicion that Jones was committing the traffic offense of operating a vehicle with an obstructed license plate. The trial court erred by granting the motion to suppress. I therefore dissent.