[Cite as *State v. Burnett*, 2012-Ohio-1631.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-110565 |
|  |  | C-110566 |
| Plaintiff-Appellant, | : | C-110567 |
|  |  | TRIAL NOS. 10CRB-32489 |
| vs. | : | 10CRB-32490 |
|  |  | 10TRD-52391 |
| TATIANA BURNETT, | : |  |
|  |  |  |
| Defendant-Appellee. | : | *O P I N I O N.* |
|  | : |  |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  April 13, 2012

*John P. Curp*, City Solicitor, *Charles Rubenstein*, City Prosecutor, and *Christopher Liu*, Assistant City Prosecutor, for Plaintiff-Appellant,

*Susannah M. Meyer* and *Robert R. Hastings, Jr.*, for Defendant-Appellee.

Please note:  This case has been removed from the accelerated calendar.

**SYLVIA SIEVE HENDON, Judge.**

{¶1}   Defendant-appellee Tatiana Burnett was charged with carrying a concealed weapon, falsification, and improper change of course.  She filed a motion to suppress evidence, arguing that the stop of her vehicle by police was not supported by reasonable and articulable suspicion.  The trial court agreed and granted her motion.

{¶2}   The city of Cincinnati now appeals.  In three assignments of error, the city argues that the trial court erred by granting Burnett's motion to suppress because (1) the court incorrectly interpreted the city's change-of-course ordinance; (2) the court based its conclusion on requirements not in the ordinance; and (3) the officers had properly initiated the traffic stop.  We address the assignments together.

## *The Traffic Stop*

{¶3}   Cincinnati police officers Michael Harper and Dewayne McMenama were in a police cruiser traveling in the right lane of two eastbound lanes on Dana Avenue, behind a car driven by Burnett.  At one point, Burnett changed lanes from the right lane to the left lane without using her turn signal.  The officers stopped her for improperly changing her course of travel.  According to the officers, there was little traffic at the time, and Burnett's failure to signal her change of lanes had not caused a traffic hazard or an accident.

{¶4}   Burnett was charged with violating Cincinnati Municipal Code 506-80, which provides:  "No person shall * * * move right or left upon a roadway unless and until such movement can be made with reasonable safety.   No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided in the event any other traffic may be affected by such movement."

### The Trial Court's Ruling

{¶5}    The trial court concluded that the ordinance did not require a turn signal for a lane change unless other traffic would be impacted.  Because Burnett's lane change had created no traffic hazard, the court determined that she had not committed "any traffic violation when she changed lanes without signaling."  The court accordingly held that the officers did not have probable cause to stop her for violating the lane-change ordinance, and granted her motion to suppress.

### Standard of Review

{¶6}    Appellate review of a motion to suppress presents a mixed question of law and fact.  *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. An appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence.  *Id.*  Accepting those facts as true, the appellate court must then independently determine, without deference to the trial court's conclusion, whether the facts satisfy the applicable legal standard.  *Id.*

### Reasonable Suspicion

{¶7}    In this case, the trial court's application of the law to the facts was flawed. First, the trial court assumed that a police officer could stop a vehicle only if he had probable cause to believe that the motorist had committed a crime or a traffic violation. Certainly, the decision to stop a vehicle is reasonable where an officer has probable cause to believe that a traffic violation has occurred.  *Whren v. United States*, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).  But the more strict probable-cause standard is not required in this case; a traffic stop is lawful under the Fourth Amendment if an officer has a reasonable and articulable suspicion that a motorist has violated a traffic law.  *See Delaware*

*v. Prouse*, 440 U.S. 648, 663, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶ 8.

{¶8}   Here, the trial court concluded that Burnett had not committed any traffic violation when she changed lanes without signaling.  The court based its determination on the facts that traffic at the time had been light, that the officers' cruiser had been well behind her, and that her lane change had not caused a traffic hazard.  However, the fact that Burnett could not ultimately be convicted of violating the lane-change ordinance is not determinative of whether the officers had acted reasonably in stopping and citing her for the offense.  Neither reasonable suspicion nor probable cause required the officers "to correctly predict that a conviction will result."  *Bowling Green v. Godwin*, 110 Ohio St.3d 58, 2006-Ohio-3563, 850 N.E.2d 698, ¶ 15.

{¶9}   The question is not how well the officers understood the city's lane-change ordinance; reasonable suspicion can exist even if the officer misunderstands the law that the driver is allegedly violating.  *See State v. Leonard*, 1st Dist. No. C-060595, 2007-Ohio-3312; *State v. Cronin*, 1st Dist. No. C-100266, 2011-Ohio-1479.  The test is whether an objectively reasonable officer could have concluded from Burnett's failure to signal that she might have been violating a traffic law.  *Godwin* at ¶ 16.  Here, under the totality of the circumstances, the officers had a reasonable and articulable suspicion that Burnett might have violated the ordinance that requires drivers to signal before changing lanes.  Therefore, the officers were justified in stopping her vehicle.

{¶10}  Moreover, the court's conclusion that Burnett did not violate the lane-change ordinance was based on the fact that she had not created a hazard to other traffic.  But regardless of whether traffic would have been affected by her failure to signal, the officers would still have had justification to make the stop because it is a violation of R.C. 4511.39 to fail to signal before a lane change.  *State v. Haslon*, 1st Dist. No. C-000608, 2001 Ohio App.

LEXIS 2341 (May 25, 2001). The relevant part of R.C. 4511.39 states: "No person shall turn a vehicle or trackless trolley or move right or left upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided."

{¶11} The statute thus requires a driver to both use reasonable care *and* to signal when changing lanes. *State v. Richardson*, 94 Ohio App.3d 501, 505, 641 N.E.2d 216 (1st Dist.1994); *State v. Lowman*, 82 Ohio App.3d 831, 613 N.E.2d 692 (12th Dist.1992). The officers personally observed Burnett change lanes without using the signal required by R.C. 4511.39, and this observation provided reasonable suspicion to justify the stop. Accordingly, the trial court erred by granting Burnett's motion to suppress.

{¶12} Consequently, we sustain the assignments of error, reverse the judgment of the trial court, and remand this matter for proceedings consistent with this opinion and the law.

Judgment reversed and cause remanded.

**HILDEBRANDT, P.J.,** and **SUNDERMANN, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.