[Cite as *State v. Childers*, 2023-Ohio-948.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220301 |
|  |  | TRIAL NO. B-2101623 |
| Plaintiff-Appellee, | : |  |
| vs. | : | *O P I N I O N.* |
| NICO CHILDERS, | : |  |
| Defendant-Appellant. | : |  |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: March 24, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bryan R. Perkins* for Defendant-Appellant.

**Zayas, Presiding Judge.**

{¶1}  Nico Childers appeals his conviction for having weapons while under a disability after a no-contest plea.  In one assignment of error, Childers argues that the trial court erred by overruling his motion to suppress the firearm found in his glove compartment because the stop of his vehicle for a traffic violation was unreasonable. For the following reasons, we affirm the trial court's judgment.

### Factual Background

{¶2}  Nico Childers was stopped by Sergeant Lucas Neville of the Cincinnati Police Department for an improper-change-of-course violation.  Upon learning that Childers had an outstanding warrant for his arrest, Neville placed him under arrest, searched his car, and found a firearm in the glove compartment.  Childers was subsequently charged with having weapons while under a disability.  Childers entered a not-guilty plea and filed a motion to suppress the firearm, contending that the officer did not have reasonable suspicion or probable cause to effectuate the traffic stop.

{¶3}  At the hearing on the motion, Neville testified that he and his partner were working a detail for the Cincinnati Metropolitan Housing Authority in Winton Terrace.  While patrolling on Strand Avenue at Dutch Colony, he saw an orange Nissan SUV coming toward him.  Before reaching Dutch Colony, the car drove across the road, pulled to the curb in front of the apartment building at 580 Strand Avenue, and parked facing the wrong direction.  Childers did not use his turn signal.

{¶4}  Childers briefly entered the building and returned to his car.  While Neville was turning around, Childers turned left on Dutch Colony and drove away at a high rate of speed.  Neville followed him while his partner ran the license plate to determine if any warrants were attached to the car.  The vehicle was registered to a woman and had no warrants.  Neville followed Childers as he drove onto Winton Ridge

but waited to pull him over because Winton Ridge is very windy and hilly, and an unsafe road for a traffic stop. Neville pulled Childers over on North Bend Road and issued him a citation for an "improper change of course-left of center-no signal" in violation of Cincinnati Municipal Code ("CMC") 506-80.

{¶5} The trial court overruled the motion after making the following factual findings:

> The testimony of Officer Neville was that he initiated the traffic stop on the defendant for several reasons, that Mr. Childers went left of center, that he failed to use a turn signal, and that he was traveling at a high rate of speed.
>
> While the defendant argues that there were some discrepancies as to whether there was a double-yellow line, the officer did have a reasonable and articulable suspicion that Mr. Childers committed a traffic violation. The officer had probable cause to stop Mr. Childers's vehicle, therefore, the defendant's motion to suppress the stop is denied.

### Motion to Suppress

{¶6} In his sole assignment of error, Childers contends that the trial court erred by overruling his motion to suppress.

{¶7} "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. An appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence, then independently determine, without deference to the conclusion of the trial court, whether the facts

satisfy the applicable legal standard. *Id.*

{¶8} Law-enforcement officers must have a reasonable, articulable suspicion to believe that a crime has been committed or is being committed in order to initiate a constitutionally permissible traffic stop. *State v. Andrews*, 57 Ohio St.3d 86, 565 N.E.2d 1271 (1991). When an officer observes a traffic offense being committed, the initiation of a traffic stop does not violate the Fourth Amendment. *Dayton v. Erickson*, 76 Ohio St.3d 3, 11, 665 N.E.2d 1091 (1996).

{¶9} CMC 506-80 provides, in relevant part, that, "No person shall * * * turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided in the event any other traffic may be affected by such movement." Thus, when changing lanes, the statute requires that a driver use reasonable safety and a signal. *See State v. Burnett*, 1st Dist. Hamilton Nos. C-110565 and C-110567, 2012-Ohio-1631, ¶ 11.

{¶10} Childers argues that the state failed to prove that he committed a traffic violation because it failed to establish that the lane change was not done safely or that other traffic was affected by the lack of a turn signal. This court has previously rejected this argument in *State v. Burnet* because the "officers personally observed [defendant] change lanes without using the signal required by R.C. 4511.39, and this observation provided reasonable suspicion to justify the stop." *Id.* The court reasoned that when an officer has reason to believe that a traffic violation occurred, the stop is legally justified. *Id.* at ¶ 9.

{¶11} Here, as the trial court found, Neville initiated the traffic stop after witnessing three traffic violations: Childers went left of center, he failed to use a turn

signal, and he traveled at a high rate of speed. Based on his personal observations that Childers changed lanes and failed to use his turn signal, Neville was legally justified in initiating the traffic stop. *See id.*

**{¶12}** We overrule the assignment of error.

## Conclusion

**{¶13}** Having overruled Childers's sole assignment of error, we affirm the judgment of the trial court.

Judgment affirmed.

**BERGERON** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry this date.